UNITED STATES of AMERICA
U.S. DISTRICT COURT -- EASTERN DISTRICT OF MICHIGAN

BRADFORD GONZALEZ-RIVERA,

      Plaintiff,                            DEMAND FOR JURY TRIAL

 -vs-                                 Case No.
                                      Hon.

STEPHENS MICHAELS LLC, and
SANTANDER CONSUMER USA INC.,

      Defendants.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1.     This court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337.

2.     As to any supplemental claims set forth herein, there are no exceptional circumstances or other compelling reasons for this Court to decline jurisdiction and the interests of justice would best be served if this Court heard these claims along with the federal claims.

### PARTIES

3.     The Plaintiff to this lawsuit is Bradford Gonzalez-Rivera who resides in Detroit, Michigan in Wayne County.

4.     The Defendants to this lawsuit are as follows:

     a.     Stephens Michaels LLC ("Stephens Michaels LLC") which is a corporation doing business in Michigan and which by statute and condition of licensing, may be served

through its irrevocable resident agent, the Bureau of Regulatory Services, Business Licensing and Regulation Division, Richard H. Austin Building – 3rd Floor, 430 W. Allegan Street, Lansing, MI 48918.

b.    Santander Consumer USA Inc. ("Santander Consumer USA Inc."), which is a corporation doing business in Michigan, and whose resident agent, The Corporation Company, maintains its office at 30600 TELEGRAPH ROAD STE 2345, BINGHAM FARMS, MI 48025.

5.    At all relevant times Stephens Michaels LLC -- in the ordinary course of its business -- regularly extended or offered consumer credit for which a finance charge is, or may be imposed or which, by written agreement is payable in more than four installments and is the person to whom the transaction which is the subject of this action is initially payable.

6.    Stephens Michaels LLC is a creditor under TILA, 15 U.S.C. § 1602(g) and regulation Z § 226.2(a)(17).

## VENUE

7.    The transactions and occurrences which give rise to this action occurred in Livingston County.

8.    Venue is proper in the Eastern District of Michigan.

## GENERAL ALLEGATIONS

9.    On or about June 13, 2015, Plaintiff executed a purchase and finance agreement known as a retail installment contract  with Stephens Michaels LLC for a 2006 Chevrolet  Corvette, VIN 1G1YY36U865110189 ("the vehicle").

10.    The retail installment contract is currently held by Santander Consumer USA Inc.

2

11.  Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera.

12.  Before executing the retail installment contract, Stephens Michaels LLC made the following material representations ("material representations") which also constituted express warranties, were false, and related to the vehicle:

    a.  the vehicle mileage was 98,911

    b.  that the cash price of the vehicle was $18,995.00

13.  Before executing the purchase agreement, Stephens Michaels LLC made the following specific representations which constituted express warranties:

    a.  the vehicle mileage was 98,911

    b.  that the cash price of the vehicle was $18,995.00

14.  Plaintiff made a $5,500.00 down payment.

15.  Stephens Michaels LLC failed to include all of the material terms of the sale and finance in the retail installment contract and violated the single document rule, the Motor Vehicle Sales Finance Act and the Motor Vehicle Installment Sales Contract Act.

16.  The vehicle did not meet Stephens Michaels LLC's specific representations which constituted express warranties.

17.  Plaintiff did not take delivery of the vehicle for two weeks and did not have an opportunity to inspect the vehicle.

18.  When the Plaintiff was allowed to take delivery of the vehicle, he soon discovered that the actual mileage on the odometer was in excess of 137,000 miles.

19.  The vehicle constitutes a "good" under article 2 of the UCC, M.C.L. §440.2101 et seq.

20.  Plaintiff has suffered damages as a result of the acts and omissions of the Defendants.

## COUNT I  -- Truth In Lending Act

21.  Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

22.  By failing to provide Mr. Gonzalez-Rivera  with a copy of truth in lending disclosures at the time and in the manner prescribed by Regulation Z of the Truth in Lending Act, the dealer has violated the federal Truth in Lending Act, 15 U.S.C. § 1601.

23.  Stephens Michaels LLC failed to accurately disclose the cash price of the vehicle.

24.  The failure to properly disclose the cash price of the vehicle consequently caused a failure to accurately disclose the amount financed in violation of 15 U.S.C. § 1638; 16 CFR § 226.18 (b) and (c).

25.  Stephens Michaels LLC improperly itemized a charge in the amount of $21,995.00 for the $3,000.00 upcharge in the cash price as an amount financed when in fact that charge was a finance charge within the meaning of Reg Z § 226.4.

26.  Stephens Michaels LLC failed to accurately disclose the applicable finance charge as required by 15  U.S.C. § 1638 and Reg Z § 226.18(d)

27.  Stephens Michaels LLC failed to accurately disclose and itemize the amount financed in violation of 15  U.S.C. § 1638, Reg Z § 226.18(b), and Reg Z § 226.18(c).

28.  As a consequence of failing to accurately state the actual finance charge, Stephens Michaels LLC also misstated the applicable "APR" in violation of 15 U.S.C. § 1338 and Reg Z § 226.18(e).

4

29.    Stephens Michaels LLC failed to accurately disclose the applicable "APR" as required by 15 U.S.C. § 1638; Reg Z § 226.18(32); Reg Z § 226.22.

30.    Stephens Michaels LLC was required to make the disclosures required by 16 U.S.C. § 1638 prior to failed to prior to consummating the sale of the vehicle.

31.    Those disclosures were required to be made in writing, in form that could be kept by the consumer so that consumers may shop for credit prior to engaging in a credit transaction.

32.    Stephens Michaels LLC failed to make those disclosures in a timely fashion in violation of 15 U.S.C. § 1638(a)(4).

33.    Stephens Michaels LLC is liable to plaintiff for actual and statutory damages to be determined at trial, costs, and statutory attorney fees in accordance with 15 U.S.C. § 1640.

### COUNT  II  -- Federal Odometer Act

34.    Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

35.    By failing to provide Mr. Gonzalez-Rivera with a legal and conforming odometer disclosure at the time of sale, Stephens Michaels LLC has, with intent to defraud, violated the Federal Odometer Act, 49 U.S.C. § 32701-32711.

36.    The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

37.    The odometer statement presented to Mr. Gonzalez-Rivera did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Gonzalez-Rivera .

38.    Stephens Michaels LLC knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Gonzalez-Rivera Stephens Michaels LLC failed to provide the required disclosure of mileage on the reassignment of title as required by 49 U.S.C. §§32701-32711 *et seq*.

39.    Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera including this count of the complaint.

### COUNT  III  -- Michigan Odometer Act (Stephens Michaels LLC)

40.    Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

41.    The odometer on the vehicle did not accurately reflect the actual miles of the vehicle at the time of sale.

42.    The odometer statement presented to Mr. Gonzalez-Rivera did not accurately reflect the odometer reading of the vehicle at the time the vehicle was sold to Mr. Gonzalez-Rivera .

43.    Stephens Michaels LLC knew or had reason to know of the inaccuracy of the odometer at the time it sold the vehicle to Mr. Gonzalez-Rivera .

44.    Stephens Michaels LLC knew or had reason to know of the inaccuracy of the odometer statement relating to the vehicle, which statement was presented to Mr. Gonzalez-Rivera .

45.    Stephens Michaels LLC failed to provide the required disclosure of mileage on the reassignment of title as required by M.C.L. §257.233a.

46.    Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA

Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle,

and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera

including this count of the complaint.

### COUNT  IV  -- Violation of Michigan Consumer Protection Act

47.    Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

48.    Stephens Michaels LLC is engaged in trade or commerce as that term is defined in M.C.L.

§ 445.902.

49.    Stephens Michaels LLC has engaged in one or more of deceptive or unfair practices

prohibited by the Michigan Consumer Protection Act, M.C.L.§ 445.903, including but not

limited to the following:

a.    Causing a probability of confusion or misunderstanding as to the source, sponsorship,

approval, or certification of goods or services.

b.    Using deceptive representations or deceptive designations of geographic origin in

connection with goods or services.

c.    Representing that goods or services have sponsorship, approval, characteristics,

ingredients, uses, benefits, or quantities that they do not have or that a person has

sponsorship, approval, status, affiliation, or connection that he or she does not have.

d.    Representing that goods are new if they are deteriorated, altered, reconditioned, used,

or secondhand.

e.    Representing that goods or services are of a particular standard, quality, or grade, or

that goods are of a particular style or model, if they are of another.

7

f.    Making false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions.

g.    Representing that a part, replacement, or repair service is needed when it is not.

h.    Representing to a party to whom goods or services are supplied that the goods or services are being supplied in response to a request made by or on behalf of the party, when they are not.

i.    Causing a probability of confusion or of misunderstanding with respect to the authority of a salesperson, representative, or agent to negotiate the final terms of a transaction.

j.    Causing a probability of confusion or of misunderstanding as to the legal rights, obligations, or remedies of a party to a transaction.

k.    Causing a probability of confusion or of misunderstanding as to the terms or conditions of credit if credit is extended in a transaction.

l.    Disclaiming or limiting the implied warranty of merchantability and fitness for use, unless a disclaimer is clearly and conspicuously disclosed.

m.    Representing that a consumer will receive goods or services "free", "without charge", or words of similar import without clearly and conspicuously disclosing with equal prominence in immediate conjunction with the use of those words the conditions, terms, or prerequisites to the use or retention of the goods or services advertised.

n.    Failing to reveal a material fact, the omission of which tends to mislead or deceive the consumer, and which fact could not reasonably be known by the consumer.

8

o.    Entering into a consumer transaction in which the consumer waives or purports to waive a right, benefit, or immunity provided by law, unless the waiver is clearly stated and the consumer has specifically consented to it.

p.    Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

q.    Taking or arranging for the consumer to sign an acknowledgment, certificate, or other writing affirming acceptance, delivery, compliance with a requirement of law, or other performance, if the merchant knows or has reason to know that the statement is not true.

r.    Gross discrepancies between the oral representations of the seller and the written agreement covering the same transaction or failure of the other party to the transaction to provide the promised benefits.

s.    Charging the consumer a price that is grossly in excess of the price at which similar property or services are sold.

t.    Causing coercion and duress as the result of the time and nature of a sales presentation.

9

u.      Making a representation of fact or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is.

50.     Mr. Gonzalez-Rivera has suffered damages as a result of these violations of the Michigan Consumer Protection Act.

51.     Mr. Gonzalez-Rivera suffers continuing damages as a result of these violations of the Michigan Consumer Protection Act.

52.     Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera including this count of the complaint.

## COUNT V  -- Misrepresentation

53.     Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

54.     The material representations were intended to induce the reliance of Mr. Gonzalez-Rivera.

55.     The material representations did induce the reasonable reliance of Mr. Gonzalez-Rivera.

56.     Stephens Michaels LLC made the material representations with actual knowledge of their falsity.

57.     Stephens Michaels LLC made the material representations with reckless disregard to their truth or falsity.

58.     Stephens Michaels LLC made the material representations even though it should have known that they were false.

10

59.    These actions constitute a misrepresentation upon Mr. Gonzalez-Rivera by Stephens Michaels LLC.

60.    Mr. Gonzalez-Rivera has suffered damages as a result of this misrepresentation.

61.    As a result of this misrepresentation, Mr. Gonzalez-Rivera suffers continuing damages.

62.    Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera including this count of the complaint.

## COUNT VI  -- Breach of Contract

63.    Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

64.    Stephens Michaels LLC's tender of the performance did not conform as a result of the vehicle's mechanical defects, lack of merchantability, or fitness for intended purpose which existed at the time of delivery.

65.    The failure of Stephens Michaels LLC to deliver conforming goods, title, and follow up services at the contract price constitutes a material breach of contract.

66.    Mr. Gonzalez-Rivera has suffered damages as a result of this breach of contract.

67.    Mr. Gonzalez-Rivera suffers continuing damages as a result of this breach of contract.

68.    Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera including this count of the complaint.

## COUNT VII — Motor Vehicle Sales Finance Act

69.  Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

70.  This claim is brought under the Michigan Motor Vehicle Sales Finance Act, M.C.L. §492.101 *et seq*, which will be referred to as the MVSFA throughout the remained of this complaint.

71.   Stephens Michaels LLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. §492.101 et seq.

72.  Mr. Gonzalez-Rivera have suffered the damages set forth above by reason of the Stephens Michaels LLC's violations of the MVSFA.

73.  Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle, and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera including this count of the complaint.

## COUNT VIII — Motor Vehicle Installment Sales Contract Act

74.  Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

75.   Stephens Michaels LLC failed to properly complete all necessary terms of the installment contract as required by M.C.L. § 566.302 *et seq*.

76.  Mr. Gonzalez-Rivera suffered damages in the amount of the finance charge.

## COUNT IX — Motor Vehicle Code Violations (Stephens Michaels LLC)

77.  Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

78.  Stephens Michaels Llc violated the Motor Vehicle Code.

79.     Mr. Gonzalez-Rivera may void the contract of sale as a result Stephens Michaels LLC's

        violation of the Motor Vehicle Code under M.C.L. §257.251.

**COUNT X — Motor Vehicle Sales Finance Act (Santander Consumer USA Inc.)**

80.     Mr. Gonzalez-Rivera incorporates the preceding allegations by reference.

81.     Under M.C.L. § 492.114a and the express terms of the contract, Santander Consumer USA

        Inc. is subject to all claims and defense that arise against the seller for the sale of the vehicle,

        and is jointly liable to the extent of any payments received from Mr. Gonzalez-Rivera

        including this count of the complaint.

**JURY DEMAND**

82.     Bradford  Gonzalez-Rivera demands a jury trial in this case.

**REQUEST FOR RELIEF**

Plaintiff requests that this Honorable Court grant the following relief:

*1.      Assume jurisdiction over this case including all supplemental claims.*

*2.      Award actual damages.*

*3.      Award treble damages.*

*4.      Award statutory and punitive damages.*

*5.      Award statutory costs and attorney fees.*

Respectfully Submitted,

ADAM G. TAUB & ASSOCIATES
CONSUMER LAW GROUP, PLC

By:    <u>s/ Adam G. Taub</u>
       Adam G. Taub (P48703)
       Attorney for Bradford Gonzalez-Rivera
       17200 West 10 Mile Rd. Suite 200
       Southfield, MI 48075
       Phone:  (248) 746-3790
       Email:   adamgtaub@clgplc.net

Dated:  February 1, 2016